# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN KILPATRICK, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> US BANK, NA, *et al.*, <br><br> Defendants. | Case No: 12-CV-1740 W (NLS) <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND [DOC. 6]** |

Pending before the Court is Defendants' motion to dismiss Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(6). (*MTD* [Doc. 6]; *Reply* [Doc. 10].) Defendants also request judicial notice of seven documents attached to their motion. (*Defs.' RJN* [Doc. 7].) Plaintiffs oppose. (*Opp'n* [Doc. 9].) The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons below, the Court **GRANTS** Defendants' request for judicial notice, and **GRANTS** Defendants' motion **WITH LEAVE TO AMEND**.

## I. BACKGROUND

On November 20, 2006, Plaintiffs John Kilpatrick and Cheryl Berglund ("Plaintiffs") obtained a loan ("Note") for $417,000.00 from Family Lending Services ("Originator"). (*Def's RJN Ex. 1*.[1]) The Note was secured by a Deed of Trust ("DOT") that was recorded on November 22, 2006. (*Id.*) The DOT identifies Originator as the lender, Plaintiffs as the borrowers, and S.P.S. Affiliates as trustee. (*Id.*)

On August 16, 2010, NDEx West, LLC, as agent for the beneficiary of the DOT, recorded a "Notice of Default and Election to Sell Under Deed of Trust" in the San Diego County Recorder's Office. (*Def's RJN Ex. 2.*) The Notice informed Plaintiffs that as of August 12, 2010, they were behind $11,388.49 on their payments. (*Id.*)

On September 8, 2010, Stephen Goble, assistant secretary of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Originator, recorded an "Assignment of Deed of Trust" in the San Diego County Recorder's Office. (*Def's RJN Ex. 3.*) This assignment transferred "all beneficial interest" under the DOT from Originator to "U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR BAFC 2007-2." (*Id.*)

On September 22, 2010, China Brown, as attorney in fact for U.S. Bank recorded a "Substitution of Trustee" in the San Diego County Recorder's Office. (*Def's RJN Ex. 4.*) U.S. Bank substituted NDEx West, LLC as Trustee. (*Id.*)

On November 17, 2010, NDEx West recorded a "Notice of Trustee's Sale" in the San Diego County Recorder's Office. (*Def's RJN Ex. 5.*) The notice explained that Plaintiffs were in default under the November 20, 2006 DOT and that NDEx would sell

---

[1] The Court **GRANTS** Defendants' motion for judicial notice. Defendants seek judicial notice of seven documents, including recorded deeds of trust and notices of default or trustee's sale associated with the subject property. (*Defs.' RJN* 2-3.) Plaintiffs do not oppose. The Court may take notice of facts that are "not subject to reasonable dispute in that [they are] . . . capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b)(2). Because each of Defendants' documents is a matter of public record, the Court takes notice of each of them. See <u>Reyn's Pasta Bella, LLC v. Visa USA, Inc.</u>, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

the subject property on December 7, 2010 if Plaintiffs took no action. On March 16, 2012, NDEx recorded another "Notice of Trustee's Sale" in the San Diego County Recorder's Office, establishing April 9, 2012 as the sale date. (*Def's RJN Ex. 6.*)

On June 14, 2012, NDEx recorded a "Trustee's Deed Upon Sale" in the San Diego County Recorder's Office. (*Def's RJN Ex. 7.*) The deed indicated that NDEx sold the subject property on June 8, 2012 for $511,776.09. (*Id.*)

On July 13, 2012, Plaintiffs filed the instant Complaint. (*Compl.* [Doc. 1].) In their complaint, Plaintiffs assert claims for (1) declaratory relief, (2) negligence, (3) quasi contract, (4) violation of the Helping Families Save Their Homes Act, (5) violation of the Fair Debt Collection Practices Act, (6) violation of the Business and Professions Code, (7) an accounting, (8) a constructive trust, (9) wrongful foreclsure and setting aside of trustee's sale, (10) voiding or cancellation of trustee's deed upon sale, (11) quiet title, (12) breach of contract, and (13) civil conspiracy. (*Id.*)

The gravamen of Plaintiffs Complaint is that Defendants are not the proper payee of the Note, due to several allegedly deficient transfers and assignments. Plaintiffs summarizes their position as follows:

> Under the Plaintiff's theory of the case, it is clear that the Defendants are strangers to their mortgage loan and that success upon their claims against Defendants will not defeat the right of a holder in due course to enforce their promissory note executed in conjunction with the home mortgage loan. In effect, Plaintiff asserts that there is a proper payee of their mortgage promissory not but it is not the Defendants or its agents who were involved in the foreclosure upon which Plaintiff sues in the present case.

(*Compl.* ¶ 27.) Defendants move to dismiss all Plaintiffs' claims.

Plaintiffs oppose Defendants' motion with respect to claims (1), (2), (4), (9) and (11). Therefore, the Court **GRANTS** Defendants motion to dismiss with respect to claims (3), (5), (6), (7), (8), (10), (12), and (13) **WITH PREJUDICE**.[2]

---

[2] Civil Local Rule 7.1(f.3.c) expressly provides that "[i]f an opposing party fails to file papers in the manner required by Local Rule 7.1(e)(2), that failure may constitute a consent

## II. LEGAL STANDARD

Courts must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In ruling on the motion, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." Vasquez v. L.A. Cnty., 487 F.3d 1246, 1249 (9th Cir. 2007).

However, the courts are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007). Instead, the allegations in the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, courts may consider documents specifically

---

to the granting of that motion or other ruling by the court." The Ninth Circuit has held that a district court may properly grant a motion to dismiss for failure to oppose. See Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) (affirming dismissal for failure to file timely opposition papers where plaintiff had notice of the motion and ample time to respond).

identified in the complaint whose authenticity is not questioned by parties. <u>Fecht v. Price Co.</u>, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superceded by statutes on other grounds). Moreover, courts may consider the full text of those documents, even when the complaint quotes only selected portions. <u>Id.</u> Courts may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. <u>Barron v. Reich</u>, 13 F.3d 1370, 1377 (9th Cir. 1994) (citing <u>Mack v. S. Bay Beer Distribs., Inc.</u>, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds by* <u>Astoria Fed. Sav. and Loan Ass'n v. Solimino</u>, 501 U.S. 104 (1991)).

### III. DISCUSSION

#### A. <u>Application of the Tender Rule is Inappropriate Here</u>

"Under California law, the 'tender rule' requires that as a precondition to challenging a foreclosure sale, or any cause of action implicitly integrated to the sale, the borrower must make a valid and viable tender of payment of the secured debt." <u>Montoya v. Countrywide Bank</u>, 2009 WL 1813973, *11 (N.D. Cal. June 25, 2009) (citations omitted). The tender rule is not absolute and "'[a] tender may not be required where it would be inequitable to do so.'" <u>Onofrio v. Rice</u>, 55 Cal. App. 4th 413, 424 (1997) (quoting 4 Miller & Starr, Cal. Real Estate (2d ed. 1989) Deeds of Trust & Mortgages, ¶9:154) (affirming trial court's grant of relief to plaintiff on rescission claim although plaintiff failed to tender). "[I]f the action attacks the validity of the underlying debt, a tender is not required since it would constitute an affirmative of the debt." <u>Id.</u>

Defendants argue that Plaintiffs cannot maintain any cause of action based on the fact that Plaintiffs did not allege tender. (*MTD* 3.) In so doing, Defendants assume the tender rule is absolute, and ignore significant authority which explains otherwise. It would be inequitable to require tender here since Plaintiffs challenge the interest Defendants held in the DOT, not just the procedural sufficiency of the foreclosure itself. <u>Onofrio</u>, 55 Cal. App. 4th at 424; <u>see</u> <u>also</u> <u>Lana v. Citibank, N.A.</u>, 202 Cal. App. 4th 89, 112-15 (2011). Such a requirement would essentially require

1 Plaintiffs to affirm that they owe the very debt they are challenging.  Id. at 112-13.

2 For the foregoing reasons, the Court **DENIES** Defendants' motion to dismiss on
3 this ground.

### B. <u>Wrongful Foreclosure and Set Aside Trustee's Sale</u>

Under California law, the elements of an equitable cause of action for wrongful foreclosure are (1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering. <u>Lona v. Citibank, N.A.</u>, 202 Cal. App. 4th 89, 104 (2011).  A sale of real property is illegal if the trustee did not have the power to foreclose under the deed of trust.  Cal. Civ. Code § 2924(a)(1); <u>Gomes v. Countrywide Home Loans, Inc.</u>, 192 Cal. App. 4th 1149, 1155 (2011).

The judicially noticed documents demonstrate that Plaintiffs agreed that Originator could transfer its interests in the DOT to other parties. (*Def's RJN Ex. 1.* ¶ 20.) Such interests included, but were not limited to, the right to foreclose on the property in the event of default. (*Id.* ¶ 22.)  Plaintiffs defaulted on the Note. (*Def's RJN Ex. 2.*; *Compl.* ¶¶ 69, 71.)   Originator then transferred its interest in the DOT to U.S. Bank. (*Def's RJN Ex. 3.*)  U.S. Bank, through its trustee, initiated foreclosure and exercised its power of sale under the DOT. (*Def's RJN Exs. 4-7.*)  Plaintiffs raise numerous arguments regarding the chain of title of the DOT, which are all contradicted by the aforementioned documents. (*See Compl.* ¶¶ 142, 143, 147, 148, 149, 150, 151.)  Thus, the Court concludes that Plaintiffs' allegations are insufficient to show an illegal or fraudulent foreclosure.

Plaintiffs improperly rely on U.S. Bank's securitization of the Note and DOT, pursuant to the execution of trust agreements, known as Pooling and Servicing

Agreements ("PSA"). (*Compl.* ¶¶ 32-57, 146.) However, Plaintiffs were not parties to, nor third party beneficiaries of, the PSA, and as such, Plaintiffs may not rely on the alleged unlawful securitization to withstand a motion to dismiss. Sami v. Wells Fargo Bank, No. 12-CV-108, 2012 WL 967051, at *6 (N.D. Cal. Mar. 21, 2012); Junger v. Bank of Am., No. 11-CV-10419, 2012 wL 603262, at *3 (C.D. Cal. Feb 24, 2012); Tilley v. Ampro Mortg., No. 11–1134, 2012 WL 33033, at *4 (E.D. Cal. Jan.6, 2012); Bascos v. Fed. Home Loan Mortg. Corp., No. 11–3968, 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011).

Plaintiffs' allegation that the Note and DOT "were improperly pledged or sold to another party, and such sales were not done in accordance with Article 3 and Article 9 of the California Commercial Code" is insufficient because it is a mere legal conclusion unsupported by factual allegations. (*Compl.* ¶ 145.); Iqbal, 556 U.S. at 678. Also, citing a statutory provision, without more, is insufficient to provide Defendants "fair notice of what . . . the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

Moreover, Plaintiffs fail to adequately plead prejudice or harm. Lona, 202 Cal. App. 4th at 104. Plaintiffs must demonstrate "that the foreclosure would have been averted but for [the] alleged deficiencies." Reynoso v. Paul Fin., LLC, No. 09-CV-3225, 2009 WL 3833298, at *4 (N.D. Cal. Nov. 16, 2009); Ghuman v. WellsFargo Bank, N.A., No. 12-CV-902, 2012 WL 2263276, at *5 (E.D. Cal. June 15, 2012)("Plaintiffs would be hard pressed to show any conceivable prejudice, given Plaintiffs have offered no facts to suggest the substitution of NDEx (or the allegedly improper recording thereof) adversely affected their ability to pay their debt or cure their default.") Plaintiffs do not allege that foreclosure would not have occurred but for the alleged defects in the chain of title. Indeed, Plaintiffs concede they were in default. (*Compl.* ¶¶ 69, 71.)

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss on this ground.

## C. Quiet Title

Under California law, a quiet title action must include: (1) a description of the property in question; (2) the basis for plaintiff's title; and (3) the adverse claims to plaintiff's title. Cal. Code Civ. Pro. § 761.020. Plaintiffs allege that Defendants "are without any right whatsoever, and . . . have no legal or equitable right, claim, or interest in the Property" because of an unlawful securitization and an unlawful sale under the California Uniform Commercial Code. (*Compl.* ¶¶ 164.) Those allegations are insufficient to show an illegal transfer or wrongful foreclosure, as explained above. Thus, Plaintiffs cannot show they are "the rightful owners of the property," and their claim for quiet title fails. Kelley v. Mortg. Elec. Registration Sys., Inc., 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009).

## D. Negligence

Under California law, the elements of a negligence claim are (1) whether the defendant owed a legal duty to plaintiff to use due care, (2) whether this legal duty was breached, and (3) whether the breach was a proximate cause of plaintiff's injury. Holmes v. Summer, 188 Cal. App. 4th 1510, 1528 (2010). "As a general rule, a financial institution has no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (1991). "Liability to a borrower for negligence arises when the lender actively participates in the financed enterprise beyond the domain of the usual money lender." Wagner v. Benson, 101 Cal. App. 3d 27, 35 (1980)(internal quotation marks omitted).

Plaintiffs fail to adequately allege that any Defendants owe them a duty of care. They allege that U.S. Bank, as trustee, "owed a duty of care to Plaintiff to discharge its contractual duties under the Deed of Trust with reasonable care." (*Compl.* ¶ 87.) They

also allege that Wells Fargo, as servicer of the loan, "owed Plaintiff an additional fiduciary duty to properly collect payments, distribute payments, debit the Plaintiff's accounts and credit the Plaintiff's accounts" and "owed Plaintiff a duty not to assess illegal, unauthorized, or improper charges and to service the mortgage of Plaintiff in a commercially reasonable manner so as to not create a false default or a default not based on fact." (*Compl.* ¶¶ 89, 90.) These conclusory allegations do not show the Defendants' "involvement in the loan transaction [exceeds] the scope of [their] conventional role as a mere lender of money." Nymark, 231 Cal. App. 3d at 1096. Moreover, they fail to show Defendants "actively particpate[d]" in the financed enterprise with Plaintiffs. Wagner, 101 Cal. App. 3d at 35.

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss on this ground.

### E. <u>Violation of the Helping Families Save Their Homes Act of 2009</u>

15 U.S.C. § 1641(g) provides that "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer." An action for damages under § 1641(g) must be brought within one year from the date of the occurrence of the violation. 15 U.S.C. §1640(e).

Here, Plaintiffs allege they never received the notice required by § 1641(g) within the requisite 30 day time period. (*Compl.* ¶ 107.) However, Plaintiffs never allege when the loan was assigned, and thus fail to allege when the 30 day time period began to run. Due to this deficiency, Plaintiffs fail to establish the date by which Defendants had to comply with §1641(g). Thus, the Court assumes that they received notice upon recording of the assignment. (*Def's RJN Ex. 3.*) The assignment was recorded September 8, 2010, which would give Defendants until October 8, 2010 to comply with the statute. Thus, at the latest, the violation would have occurred October 8, 2010,

giving Plaintiffs until October 8, 2011 to file their claim. See 15 U.S.C. § 1640(e). Plaintiffs filed their claim on July 13, 2012.

Plaintiffs' attempts to invoke equitable tolling are unpersuasive. "Equitable tolling may be applied if, despite *all due diligence*, a plaintiff is unable to obtain vital information bearing on the existence of his claim." Santa Maria v. Pac. Bell, 202 F.3d 1170, 1178 (9th Cir. 2000) (emphasis added). Plaintiffs allegations that "they could not have with reasonable diligence discovered such facts because they did not receive copies of the Assignment as required by law" fail to meet this standard. (*Compl.* ¶ 110.) Indeed, Plaintiffs essentially concede that Plaintiffs did not exercise any due diligence "until recently when they retained counsel." (*Id.*) Plaintiffs have not plead they exercised all due diligence.

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss on this ground.

### F. Declaratory Relief

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). In applying this provision, courts must address two issues: 1) whether there is an actual controversy; and 2) whether it is proper to exercise the discretion afforded under the Declaratory Judgment Act by exercising jurisdiction. American States Ins. Co. v. Kearns, 15 F.3d 142, 143 -144 (9th Cir.1994).

In their declaratory relief claim, Plaintiffs ask for the Court to declare that with the exception of Originator, none of the named Defendants or Doe Defendants have any right or interest in Plaintiff's Note or Deed of Trust, in fact or as a matter of law, and therefore cannot foreclose or collect Plaintiff's mortgage payments. . . . (*Compl.* ¶ 87.) In addition, Plaintiffs insist that "[i]t is necessary for the Court to declare the actual rights and obligations of the parties and to make a determination as to whether Trustee's claims against Plaintiff is enforceable and whether it is secured or unsecured

by any right, title, or interest in Plaintiff's Property." (*Id.* ¶ 89.) Thus, Plaintiffs' declaratory judgment claim rests on the same unlawful securitization allegation as their wrongful foreclosure claim. (*Id.* ¶¶ 83-90, 138-156.) As the Court concludes that Plaintiffs have not stated a wrongful foreclosure claim, Plaintiffs have failed to allege an actual case or controversy. 28 U.S.C. § 2201(a). As a result, the Court **GRANTS** Defendants' motion to dismiss on this ground.

### IV. CONCLUSION

For these reasons, the Court **GRANTS** Defendants' motion to dismiss **WITH LEAVE TO AMEND**. [Doc. 6.] Plaintiffs' first amended complaint, if any, must be filed on or before **September 26, 2013.**

**IT IS SO ORDERED.**

DATED: August 26, 2013

Hon. Thomas J. Whelan
United States District Judge