UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN KILPATRICK, *et al.*,<br><br>   Plaintiffs,<br><br>v.<br><br>US BANK, NA, *et al.*,<br><br>   Defendants. | Case No. 12-cv-1740-W(NLS)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [DOC. 14]** |

On July 13, 2012, Plaintiffs John Kilpatrick and Cheryl Berglund commenced this action against Defendants US Bank, NA, Morgtage Electronics Registration Systems, Inc. ("MERS"), and Wells Fargo Bank, NA, doing business as America's Servicing Company ("ASC"). Defendants now move to dismiss Plaintiffs' First Amended Complaint ("FAC") for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs oppose.

The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1). For the following reasons, the Court **GRANTS** Defendants' motion to dismiss.

## I.     BACKGROUND[1]

On or around November 20, 2006, Plaintiffs purchased real property located in San Diego, California by borrowing from Family Lending Services, Inc. ("FLS"). A recorded deed of trust secured this loan. (FAC 3:12–23, 5:15–18.) FLS purportedly securitized the loan and "claimed to transfer" Plaintiffs' deed of trust to the Bank of America Funding Corporation 2007-2 Trust. (Id.) US Bank acted as trustee to that Trust and retained Wells Fargo Bank, NA, which did business as ASC to service the loan. (Id.) MERS was the "nominee mortgagee of the underlying mortgages." (Id. at 3:24–27.)

Plaintiffs made their mortgage payments until "around March 2010." (FAC 6:16–17.) When Mr. Kilpatrick's pay was reduced, Plaintiffs contacted ASC to request a loan modification. (Id. at 6:17–18.) A representative of ASC told Plaintiffs that they qualified for a loan modification under the "Making Home Affordable Program",[2] but that they needed to miss their next two payments before applying. (Id. at 5:23–24, 6:16–22.) Plaintiffs relied on this "misrepresentation" and missed their next two mortgage payments. (Id. at 6:23–25.) ASC sent Plaintiffs a letter, dated "May 16, 2013 [sic]" informing them that they were delinquent in the amount of $3,984.86, the sum of two mortgage payments.[3] (Id. at 6:26–7:1.) ASC sent a second letter, dated June 15, 2010, informing Plaintiffs that ASC may be able to assist Plaintiffs with loan modification. (Id. at 7:1–3.) Plaintiffs submitted the requested documents to ASC, and ASC denied the request for a loan modification in a letter dated August 6, 2010. (Id. at 7:5–6.) When they received this denial, Plaintiffs called ASC and "were told to

---

[1] Plaintiffs allege the following in their FAC.

[2] Plaintiffs ascribe the acronym "HAMP" to the "Making Home Affordable Program." (FAC 5:19–27.) The Court will do the same even though the acronym is generally ascribed to the federal Home Affordable Modification Program.

[3] The complaint states that ASC sent Plaintiffs a letter dated "May 16, 2013." (FAC 6:26–7:1.) However, that date is not possible given that this action was filed in 2012. Consequently, the Court proceeds under the presumption that Plaintiffs meant to state that the letter was sent May 16, 2010.

reapply again." (Id. at 7:7–8.) Plaintiffs reapplied, and the requests were denied again. (Id. at 7:8–9.) "The same scenario was played by Defendant ASC over and over again, until Plaintiffs' home was foreclosed on June 08, 2010." (Id. at 7:8–10.)  In its denial letters—dated March 11, 2011, July 19, 2011, and May 31, 2012—ASC informed Plaintiffs that "they service Plaintiffs' loan on behalf of an investor that has not given them 'the contractual authority to modify' their loan." (Id. at 7:11–14.)  Through purported misrepresentations, Defendants allegedly caused a "wrongful non-judicial foreclosure of Plaintiffs' home which took place on June 08, 2012." (Id. at 7:19–20.)

On July 13, 2012, Plaintiffs commenced this action. Then on September 26, 2013, Plaintiffs amended their complaint, asserting claims for: (1) declaratory relief; (2) negligence; (3) violation of 15 U.S.C. § 1641(g); (4) violation of California Business and Professions Code §§ 17200 and 17500; (5) accounting; and (6) wrongful foreclosure and to set aside the trustee's sale. Plaintiffs assert their first, fourth and sixth claims against all of the defendants; their second and fifth claims against only US Bank and ASC; and their third claim solely against US Bank. Defendants now move to dismiss the FAC for failure to state a claim. Plaintiffs oppose.

## II. LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). The court must accept all allegations of material fact as true and construe them in light most favorable to the nonmoving party. Cedars-Sanai Med. Ctr. v. Nat'l League of Postmasters of U.S., 497 F.3d 972, 975 (9th Cir. 2007). Material allegations, even if doubtful in fact, are assumed to be true. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the court need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) (internal

1  quotation marks omitted). In fact, the court does not need to accept any legal
2  conclusions as true. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

3  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need
4  detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his
5  'entitlement to relief' requires more than labels and conclusions, and a formulaic
6  recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555
7  (internal citations omitted). Instead, the allegations in the complaint "must be enough
8  to raise a right to relief above the speculative level." <u>Id.</u> Thus, "[t]o survive a motion
9  to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state
10 a claim to relief that is plausible on its face.'" <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>,
11 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual
12 content that allows the court to draw the reasonable inference that the defendant is
13 liable for the misconduct alleged." <u>Id.</u> "The plausibility standard is not akin to a
14 'probability requirement,' but it asks for more than a sheer possibility that a defendant
15 has acted unlawfully." <u>Id.</u> A complaint may be dismissed as a matter of law either for
16 lack of a cognizable legal theory or for insufficient facts under a cognizable theory.
17 <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 534 (9th Cir. 1984).

19 **III.   DISCUSSION**
20     **A.   Plaintiffs' Third Claim Is Time-Barred.**
21 The statute of limitations for a claim for damages based on a violation of 15
22 U.S.C. § 1641(g) is one year after the occurrence of the violation. 15 U.S.C. § 1640(e).
23 Because 15 U.S.C. § 1641(g) allows a creditor thirty days in which to provide notice to
24 the borrower of a transfer or assignment, the statute of limitations begins to run after
25 those thirty days have expired.

26 Defendants contend that Plaintiffs' claim for violation of 15 U.S.C. § 1641(g) is
27 time-barred. (Defs.' Mot. 12:11–16.) Plaintiffs allege that the assignment transferring
28 rights under the deed of trust was recorded on September 8, 2010. (FAC 12:15–18.)

1  Therefore, absent equitable tolling, the statute of limitations began to run on October
2  8, 2010 at the latest. <u>See</u> 15 U.S.C. § 1640(e).  However, Plaintiffs argue in their
3  opposition that equitable tolling applies.  (Pls.' Opp'n 10:15–12:3.)

4  Equitable tolling applies "in situations where, 'despite all due diligence, [the party
5  invoking equitable tolling] is unable to obtain vital information bearing on the
6  existence of the claim.'" <u>Socop-Gonzalez v. I.N.S.</u>, 272 F.3d 1176, 1193 (9th Cir. 2001)
7  (quoting <u>Supermail Cargo, Inc. v. United States</u>, 68 F.3d 1204, 1207 (9th Cir. 1995)).
8  Plaintiffs allege that they did not discover that ASC violated 15 U.S.C. § 1641 "until
9  recently when they obtained counsel." (FAC 12:18–19.)  Yet just one paragraph prior,
10 Plaintiffs acknowledge that a denial letter dated March 11, 2011 from ASC stated that
11 ASC serviced Plaintiffs' loan "on behalf of an investor." (<u>Id.</u> at 12:15–17.)  The quoted
12 language from this letter would have allowed reasonable plaintiffs exercising due
13 diligence to obtain vital information bearing on the existence of their claim—that an
14 assignment transferring rights had taken place, and that they had not been notified as
15 required under 15 U.S.C. § 1641(g). <u>See</u> <u>Socop-Gonzalez</u>, 272 F.3d at 1193.  Under
16 these circumstances, Plaintiffs fail to demonstrate that equitable tolling is appropriate,
17 and, at best, that it is appropriate any time after March 11, 2011. <u>See</u> <u>id.</u>

18 Therefore, even assuming that a reasonable plaintiff exercising due diligence
19 could not have obtained vital information indicative of a violation of 15 U.S.C. §
20 1641(g) prior to March 11, 2011, the statute of limitations still ran one year after that
21 date, on March 11, 2012.  Plaintiffs brought this action on July 13, 2012.  Therefore,
22 Plaintiffs' claim for violation of 15 U.S.C. § 1641(g) is time-barred. <u>See</u> 15 U.S.C. §
23 1640 (e).  Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiffs' third
24 claim.

26 **B.** **Plaintiffs Fail to Allege Tender.**
27 "Under California law, the 'tender rule' requires that as a precondition to
28 challenging a foreclosure sale, or any cause of action implicitly integrated to the sale,

the borrower must make a valid and viable tender of payment of the secured debt." Montoya v. Countrywide Bank, 2009 WL 1813973, at *11 (N.D. Cal. June 25, 2009) (citations omitted). "As a general rule, a plaintiff may not challenge the propriety of a foreclosure on his or her property without offering to repay what he or she borrowed against the property." Intengan v. BAC Home Loans Servicing LP, 214 Cal. App. 4th 1047, 1053 (2013). However, "if the action attacks the validity of the underlying debt, a tender is not required since it would constitute an affirmative of the debt." Onofrio v. Rice, 55 Cal. App. 4th 413, 424 (1997) (internal quotation marks omitted); see also Lona v. Citibank, N.A., 202 Cal. App. 4th 89, 112 (2011).

Defendants argue that Plaintiffs' entire complaint must be dismissed because Plaintiffs fail to allege that they have tendered or are willing to tender the outstanding loan balance. (Defs.' Mot. 3:25–5:11.) In response, Plaintiffs attempt to invoke an exception to the tender rule, under which tender is not required when an action attacks the validity of the underlying debt. (Pls.' Opp'n 4:9–23.) Plaintiffs' application of this exception is unpersuasive because Plaintiffs do not allege that the underlying debt is invalid.

Plaintiffs analogize their situation to Vogan v. Wells Fargo Bank, N.A., 2:11-CV-02098-JAM, 2011 WL 5826016 (E.D. Cal. Nov. 17, 2011), contending that it would be inequitable to require Plaintiffs to tender. (See Pls.' Opp'n 5:5–14.) But in Vogan, the court noted, among other things, that the plaintiffs alleged that "U.S. Bank does not own their loan, despite the fact that U.S. Bank acted as the foreclosing beneficiary under the deed of trust" because of an improper assignment of their loan, ultimately concluding that the tender requirement did not apply because the plaintiffs are "challenging the beneficial interest held by U.S. Bank in the deed of trust, not the procedural sufficiency of the foreclosure itself." Vogan, 2011 WL 5826016, at *7. Similar allegations do not appear in this case. Nowhere in the operative complaint do Plaintiffs allege that they do not owe the amount of the mortgage loan, or that U.S. Bank does not own the loan in question. Instead, Plaintiffs allege that ASC

misrepresented the conditions for loan modification, and that this misrepresentation caused their default. (See, e.g., FAC 7:36.) Because Plaintiffs do not attack the validity of the underlying debt or U.S. Bank's interest in it in the FAC, the exception to the tender rule for such actions does not apply here. See Vogan, 2011 WL 5826016, at *7.

Plaintiffs offer one further exception to the tender rule in a footnote: "Tender is not required where a borrower has claims against the beneficiary that would offset the amount due . . . Plaintiff's [sic] Complaint pleads numerous violations of state and federal law." (Pls.' Opp'n 5 n.1) Plaintiffs fail to further develop their reasoning or to apply this rule to the facts at hand. Consequently, the Court rejects that argument.

Upon review, application of the tender rule is appropriate here. Nonetheless, the Court will address the merits of the remaining claims.

### C.    Plaintiffs Fail to Meet Rule 9(b)'s Heightened Pleading Standard.

When a claim is "grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the . . . claim." Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003). To satisfy the particularity requirement of Rule 9(b), "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Vess, 317 F.3d at 1106 (9th Cir.2003) (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir.1997)). Plaintiffs must plead enough facts to give defendants notice of the time, place, and nature of the alleged fraud together with an explanation of the statement and why it was false or misleading. See id. at 1107. Averments of fraud must be pled with sufficient particularity as to give the defendants notice of the circumstances surrounding an allegedly fraudulent statement. See In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547 (9th Cir.1994) (superceded by statute on other grounds as stated in Ronconi v. Larkin, 253 F.3d 423, 429 n.6 (9th Cir.2001)). The circumstances constituting the alleged fraud must "be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the

charge and not just deny that they have done anything wrong." Vess, 317 F.3d at 1106 (quoting Bly–Magee v. California, 236 F.3d 1014, 1019 (9th Cir.2001)) (internal quotation marks omitted). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

Defendants argue that Plaintiffs fail to plead their fourth and sixth claims with sufficient specificity under Rule 9(b). (Defs.' Mot. 16:3–23, 20:9–10.) In the FAC, Plaintiffs allege that an ASC representative told Plaintiffs that they did qualify for a loan modification, but that they needed to miss their next two loan payments and then apply for the modification afterwards. (FAC 6:16–22.) They characterize this statement as a "misrepresentation" and allege reliance upon that misrepresentation in missing their next two loan payments. (Id. at 6:23–25.) Plaintiffs further allege that Defendants "continuously [misled] Plaintiffs in the loan modification circus circle process for two years, meanwhile increasing the defaulted amount with additional fees and penalties to the point of no return," thereby causing a wrongful foreclosure of Plaintiffs' home on June 8, 2012. (Id. at 7:15–20.)

Allegations of misrepresentation form the bases of Plaintiffs' first, second, fourth, fifth, and sixth claims. (FAC 9:13–18, 10:18–23, 13:22–14:10, 15:6–11, 16:1–10.) Therefore, Rule 9(b) applies to those claims. See In re GlenFed, 42 F.3d at 1548. But nowhere in the FAC do Plaintiffs allege the circumstances surrounding Defendants' allegedly fraudulent statements, and nowhere do they allege the requisite who, when, where, and how of the conduct in question. See Id. at 1547; Vess, 317 F.3d at 1106. Rather, Plaintiffs allege merely that "a representative of Defendant ASC told Plaintiffs that they [did] qualify for a loan modification under HAMP but that they needed to miss their next two payments and then apply." (FAC 6:16–21.) There is not enough specificity in the FAC to allow Defendants to respond to these allegations of misrepresentation with more than a generalized denial of wrongdoing. See Vess, 317 F.3d at 1106. Thus, Plaintiffs fail to meet Rule 9(b)'s heightened pleading standard as to their first, second, fourth, fifth, and sixth claims. See id.

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiffs' first, second, fourth, fifth, and sixth causes of action. Because there is enough factual matter to suggest that Plaintiffs' allegations of misrepresentation are not futile, the Court grants Plaintiffs leave to amend their first, second, and sixth claims.[4]

## IV. CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS** Defendants' motion to dismiss. (Doc. 14.) Furthermore, the Court **GRANTS** Plaintiffs leave to amend their first, second and sixth claims, and **DENIES** them leave to amend the third, fourth and fifth claims. Plaintiffs may file their amended complaint no later than **April 17, 2014**.

**IT IS SO ORDERED.**

**DATE: March 24, 2014**

**HON. THOMAS J. WHELAN**
United States District Court
Southern District of California

---

[4] As Defendants note, the Court previously dismissed Plaintiffs' fourth and fifth claims for violation of California Business and Professions Code §§ 17200 and 17500 and for an accounting, respectively, in an order issued on August 26, 2013. Plaintiffs do not contend in their opposition that the fourth and fifth claims in the FAC substantively differ from those previously dismissed with prejudice. Thus, Plaintiffs are not granted leave to amend those claims.